UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Medco Health Solutions of Columbus West, Ltd.,**

    **Plaintiff,**

-v-                                       Case No. 2:09–cv–835

**Association of Managed Care Pharmacists,**        Judge Michael H. Watson

    **Defendant.**

## OPINION AND ORDER

Plaintiff employer in this labor dispute seeks a declaratory judgment that a grievance is not arbitrable under the Labor Management Relations Act, 29 U.S.C. § 185. Defendant labor union counterclaims to compel arbitration. Both sides move for summary judgment on the issue of arbitrability. ECF Nos. 19 & 20. For the reasons that follow, the Court holds that the grievance is not arbitrable because the only remedies sought in the grievance are either outside the scope of the arbitrator's authority or moot. Accordingly, the Court grants Plaintiff's summary judgment motion and denies Defendant's summary judgment motion.

### I. BACKGROUND

The facts are undisputed. Plaintiff Medco Health Solutions of Columbus West, Ltd. ("Medco") provides pharmacy services at a facility in Columbus, Ohio. Defendant Association of Managed Care Pharmacists ("AMCP") is the exclusive

bargaining representative for approximately 244 pharmacists who work at Medco's Columbus facility. The parties' relations are governed by a collective bargaining agreement ("CBA").

In February 2006 and again in February 2007, Medco granted stock options to twenty-three newly hired pharmacists. In March 2008, AMCP filed a grievance, Grievance No. 08-001, asserting the aforementioned stock options violated the CBA. As remedies for the grievance, AMCP demanded (1) that Medco grant all staff pharmacists the same options it granted the twenty three newly-hired pharmacists and (2) that Medco cease and desist any further violation of the CBA.

The grievance was not resolved between the parties, and AMCP filed a demand for arbitration in February 2009. In August 2009, Medco agreed in writing to cease and desist from issuing stock options other than those explicitly set forth in the CBA. Hence, the only remedy remaining for the arbitrator to consider was to order Medco to issue the same stock options it issued to the new hires in February 2007 and February 2008 to all of the pharmacists in the bargaining unit. Medco asserted the grievance was not arbitrable because the CBA precludes the arbitrator from imposing such a remedy. Medco initiated the instant lawsuit in September 2009. By agreement of the parties, the arbitration is stayed pending the Court's decision on arbitrability.

## II. SUMMARY JUDGMENT

The standard governing summary judgment is set forth in Federal Rule of Civil Procedure 56(a), which provides: "The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The Court must grant summary judgment if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986); *Petty v. Metro. Gov't. of Nashville-Davidson Cnty.*, 538 F.3d 431, 438–39 (6th Cir. 2008).

When reviewing a summary judgment motion, the Court must draw all reasonable inferences in favor of the nonmoving party, who must set forth specific facts showing there is a genuine issue of material fact for trial, and the Court must refrain from making credibility determinations or weighing the evidence. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000); *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d. 479, 487 (6th Cir. 2006). The Court disregards all evidence favorable to the moving party that the jury would not be not required to believe. *Reeves*, 530 U.S. at 150–51. Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 511 (6th Cir. 2009).

Thus, the central issue is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234–35 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251–52).

## III. DISCUSSION

Medco argues that the grievance is not arbitrable because the CBA precludes the arbitrator from ordering Medco to issue the disputed stock options to all of the pharmacists in the collective bargaining unit, and the request that Medco cease and desist is moot. AMCP contends that the grievance is arbitrable because it entails the "'application, interpretation and enforcement of the terms and provisions'" of the CBA. Def.'s Mem. Supp. Mot. Summ. J. 2, ECF No. 21 (quoting CBA 28, ECF No. 21-1).

It is well-settled that federal policy favors arbitration of labor disputes. *Granite Rock Co. v. Int'l. Bhd. of Teamsters*, 130 S. Ct. 2847, 2857 (2010). It is equally well-established, however, that arbitration is strictly a matter of consent. *Id.* The Sixth Circuit "has consistently adhered to the principle that an arbitrator may construe ambiguous contract language, but lacks authority to disregard or modify plain or unambiguous contract provisions." *Sears, Roebuck & Co. v. Teamsters Local Union No. 243*, 683 F.2d 154, 155 (6th Cir. 1982).

Here, the CBA provides: "In no event shall the arbitrator have any authority to modify, add to, disregard or abolish, in any way, any of the terms and provisions of" the CBA. CBA 28, ECF No. 21-1. Medco argues that it would be beyond the authority of the arbitrator to impose a remedy requiring Medco to issue the disputed stock options to all of the pharmacists in the bargaining unit because to do so would "modify, add to, disregard or abolish" provisions in the CBA because the CBA does not obligate or authorize Medco to issue stock options in that manner. Notably, AMCP's designee under Federal Rule of Civil Procedure 36(b)(6), Randy DePoy, directly conceded that very point during his deposition. DePoy Dep. 67, ECF No. 20-3. Where an arbitrator

lacks authority to grant the relief sought, the matter is not arbitrable. *Printing Indus. Ass'n of N. Ohio v. Inter. Printing and Graphic Commc'n Union, Local 56*, 578 F. Supp. 555, 557 (N.D. Ohio 1983) (declining to compel arbitration where arbitrator had no authority to reform collective bargaining agreement); *see also In re Continental Airlines, Inc.*, 484 F.3d 173, 181 (3d Cir. 2007) ("[W]e will not compel the airline to participate in an arbitration whose award cannot be enforced against it."). For the above reasons, the Court concludes that the grievance is not arbitrable to the extent it seeks to require Medco to issue the disputed stock options to all of the pharmacists in the bargaining unit because the arbitrator lacks authority to grant such relief.

AMCP attempts to avoid the conclusion that the grievance is not arbitrable by noting the grievance also seeks a cease and desist order, which would be within the arbitrator's authority to grant. Medco responds by pointing out that it has already agreed in writing to cease and desist, thus rendering that aspect of the grievance moot. *See Int'l Bhd., Local Union No. S-251 v. Thyssenkrupp Elevator Mfg.*, 365 F.3d 523, 527–28 (6th Cir. 2004) (declining to enforce arbitrator's award reinstating union employee where second basis for employee's termination rendered moot the basis challenged in the grievance). The Court agrees that the moot remedy is likewise not arbitrable.

Because the only remedies sought in the grievance are either outside the scope of the arbitrator's authority or moot, the Court holds as a matter of law that the grievance is not arbitrable.

## IV. DISPOSITION

Based on the above, the Court **GRANTS** Medco's summary judgment motion, ECF No. 20, and **DENIES** AMCP's summary judgment motion, ECF No. 19.

The Clerk shall enter final judgment in favor of Medco, and against AMCP, declaring that Grievance No. 08-001 presented by AMCP is not arbitrable, and dismissing this action with prejudice.

The Clerk shall remove ECF Nos. 19 and 20 from the Civil Justice Reform Act motions report.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**